[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
This is an action by the Commissioner of Environmental Protection "Commissioner" to enforce compliance with his order HM-484 dated April 21, 1988 requiring defendant to remedy certain violations of the Hazardous Waste Management CT Page 8672 Regulations by performing certain actions by specified dates in the order. Defendant filed a special defense dated May 3, 1991 alleging that plaintiff was estopped from enforcing his order because he had subsequently processed a change of status request by defendant from "generator" to "small quantity generator." Plaintiff has moved to strike the special defense.
 I.
Order No. HM-484, which was never appealed, required defendant (1) to verify to the Commissioner that it had retained a qualified consultant by May 31, 1988, and (2) to submit a detailed inventory report, a schedule for removal of hazardous substances, and a compliance report to the Commissioner for review and approval, by July 31, 1988.
On August 8, 1988, the defendant wrote to the Department of Environmental Protection (DEP), requesting a change in its status change to "small quantity generator." On August 26, 1988, the DEP wrote to defendant, advising that the status change request would not be processed until Order No. HM-484 was resolved. On November 3, 1988, the DEP sent a letter and a blank Certification Statement for status change to defendant to complete and return in order for the DEP to process the defendant's application for status change.
 II.
Defendant argues that the DEP is estopped from pursuing its noncompliance action against it by virtue of the DEP's November 3, 1988 letter which stated it was processing the defendant's status change application whereas the DEP's August 26, 1988 letter stated the DEP would not process the application until the order was resolved. According to the defendant, the November 3, 1988 letter induced them into a good faith belief that it had complied with the order since the DEP was now processing its status change application.
 III.
In Connecticut, estoppel against a public agency may be invoked (1) only with great caution, (2) only when an agent having authority in such matters induces the action, and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency. Kimberly Clark Corporation v. Dubno, 204 Conn. 137, 148 (1987).
The order contained specific compliance dates: May 31 and July 31, 1988. The defendant requested a status change CT Page 8673 on August 8, 1988, after the compliance dates had passed. The DEP letter informing the defendant that it would not process the status change until the order was resolved was dated August 26, 1988, after the compliance dates had passed. The DEP letter informing the defendant it was processing its application was dated November 3, 1988 again after the compliance dates had passed. Moreover, the November 3, 1988 letter makes no reference to the order.
Defendant does not claim it was induced into believing it had timely complied or that it was induced into not timely complying. Rather, defendant seems to be claiming that the November 3, 1988 letter induced defendant into not performing on May 31 and July 31, 1988, or somehow excused it from performing on those dates, four months after the time for performance had passed. It is clear that the defendant has not alleged facts which support the inducement element of an estoppel defense against the claim of untimely compliance.
Plaintiff's motion to strike the special defense to the first count is granted.
Wagner, J.